GISKAN SOLOTAROFF ANDERSON & STEWART LLP

Attorneys at Law

June 30, 2014

BY ECF
Hon. Ronnie Abrams
United States District Court
Southern District of New York
500 Pearl Street, Room 725
New York, NY 10007

Re:   *Few v. Yellowpages.com,* 13 Civ. 4107 (RA)

Dear Judge Abrams:

Please accept this letter as Plaintiff's response to Defendant's motion to compel Plaintiff to disclose the substance of communications with me that took place during recesses in her deposition on June 19, 2014.

Defendant's motion has no legal basis and should be denied.

Defendant relies on *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993), an outlier of a case from the Eastern District of Pennsylvania that appears to be one of the few cases prohibiting consultation between a deposition witness and her counsel during deposition recesses.

Although Defendant represents to the Court that *Clifton Precision* has been followed by courts in the Southern District of New York, this is completely false.  The Southern District of New York cases cited by Defendant, *Gary Friedrich Enters., LLC v. Marvel Enters*., 2011 WL 2020586, 2011 U.S. Dist. LEXIS 54154 (S.D.N.Y. May 20, 2011) and *Wade Williams Distrib. v. ABC*, 2004 U.S. Dist. LEXIS 12152 (S.D.N.Y. June 30, 2004) do not in any way relate to the issue of whether recess conferences between deposition witnesses and their attorneys are discoverable, *see Gary Friedrich Enters., LLC*, 2011 U.S. Dist. LEXIS 54154 at (*7-*24)(deciding whether attorney-client privilege existed at all); *Wade Williams Distrib.*, 2004 U.S. Dist. LEXIS 12152 at *2-5 (deciding limits of privilege between corporation's counsel and former employee).  Indeed, these cases **do not cite or mention *Clifton Precision* at all.**  The only case cited by Ms. Snyder that even mentions *Clifton Precision* is *Jones v. J.C. Penney's Dep't Stores, Inc.*, 228 F.R.D. 190 (W.D.N.Y. 2005).  In that case, from the Western District of New York, the magistrate judge had issued deposition guidelines that, relying on *Clifton Precision,* prohibited recess conferences between deposition witnesses and their counsel.  Although those guidelines were attached as an addendum to the opinion, the opinion itself did not concern issues related to recess conferences.

Contrary to Defendants' assertion, *Clifton Precision* has not been followed in the Second Circuit at all.  There is not a single case from the Second Circuit that has compelled witnesses to disclose the substance of conferences with their attorneys during recesses. As a magistrate judge

in the Northern District of New York commented in rejecting an application identical to the one made by Defendant:

> *Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D.Pa. 1993) … seems to be highly criticized elsewhere. Furthermore, it has not been followed by the Second Circuit or by any district court within the circuit**.** In the scheme of things, the motion is of no moment either. To gain this information may truly intrude upon the attorney-client privilege and the work product doctrine. To have this information is only to gain a tactical advantage of some nature, but hardly seems to be a quest for relevant subject matter germane to the issues at hand.

*Henry v. Champlain Enters*., 212 F.R.D. 73, 92 (N.D.N.Y 2003).

Even in the Third Circuit, courts permit deposition witnesses to consult with their attorneys during recesses.  *See In re Flonase Antitrust Litig*., 723 F. Supp. 2d 761, 764 (E.D. Pa. 2010)("state law provides no indication that such communications fall outside the attorney-client privilege.")

Courts elsewhere have also held that preventing attorneys from consulting with their clients during recesses violates attorney-client privilege.  As a Ninth Circuit district court noted in deciding that *Clifton Precision* "went too far,"

> It is one thing to preclude attorney-coaching of witnesses. It is quite another to deny someone the right to counsel. … It is this Court's opinion that the right of counsel does not need to be unnecessarily jeopardized absent a showing that counsel or a deponent is abusing the deposition process.

*In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 620 (D. Nev. 1998).

Defendant has made no showing of any abuse of the deposition process.  Defendant has not even suggested that I in any way influenced the witness' answers or even attempted to do so.  Indeed, if the Court reviews the transcript, it will be extremely apparent that there was absolutely no influence by counsel on Plaintiff's answers.

Accordingly, Defendant's motion should be denied.  Moreover, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), given that the motion was not "substantially justified," the Court should award Plaintiff the expenses of opposing this motion.

                                Sincerely yours,

                                /s

                                Jason L. Solotaroff

cc:     Jennifer P. Snyder, Esq.
        Counsel for Defendant