

## Dilworth Paxson LLP

DIRECT DIAL NUMBER:  
(917) 675-4259

Jennifer Platzkere Snyder  
jsnyder@dilworthlaw.com

July 1, 2014

**VIA ECF**

The Honorable Ronnie Abrams  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 725  
New York, NY  10007

    RE: *Julie Few v. Yellowpages.com LLC*, S.D.N.Y. Civil Action No. 13-4107

Dear Judge Abrams:

  This firm represents Yellowpages.com, LLC ("YPC") in the above-referenced matter. This letter is in response to Plaintiff's Opposition to YPC's June 26, 2014 letter Motion to direct Plaintiff to answer all of YPC's counsel's questions regarding off-the-record discussions she had with her counsel during breaks in her initial deposition session.

  Contrary to Plaintiff's suggestion, *Hall v. Clifton Precision* and its progeny represent the leading case law on the discoverability of conferences between attorneys and their clients during breaks in sworn deposition testimony.  Plaintiff disingenuously relies on *Henry v. Champlian Enters.*, 212 F.R.D. 73 (N.D.N.Y. 2003), for the proposition that *Hall* has not been followed anywhere in the Second Circuit.  A proper shepardizing of the case law, however, reveals a different conclusion.  *Henry* was decided two years **before** *Jones v. J.C. Penney's Dep't Stores*, Inc. 228 F.R.D. 190 (W.D.N.Y. 2005), which was cited by YPC in its initial submission.  Indeed, **all** of the Second Circuit case law YPC cited in its June 26, 2014 letter to the Court – including two cases from the Southern District of New York – were decided **after** *Henry*. The guidelines set forth by the court in *Jones*, as well as the holdings in several cases within the Second Circuit since then, directly depend on *Hall* and/or its reasoning.

  Further, as mentioned in YPC's initial submission, and contrary to Plaintiff's representation to this court, there were indicia during the deposition – and particularly towards

The Honorable Ronnie Abrams
July 1, 2014
Page 2

the end – when Plaintiff's answers, and the conduct of her counsel immediately preceding her testimony, suggested that coaching was at play. Whether or not this Court seeks to directly rely on *Hall* or its progeny to make its ruling, coaching of a witness in the midst of testimony is never a sanctioned practice.

      Accordingly, in addition to ordering the relief previously requested, YPC respectfully requests that this Court order Plaintiff to pay YPC's costs associated with the filing of its motion and this reply.

                            Very truly yours,

                            /s/ Jennifer Platzkere Snyder
                            *Counsel for Yellowpages.com, LLC*


cc:      Jason Solotaroff, Esquire (via ECF)